PER CURIAM.
Thomas Van Horn appeals a trial court order denying his motion to dismiss for lack of jurisdiction. We reverse.
*381 Scott McNabb sued Thomas Van Horn, a Wisconsin attorney, and numerous other Wisconsin residents, alleging their tortious conduct in interfering with his custody and visitation rights to his children while they were living in Wisconsin with appellee’s former wife. Van Horn represented the McNabb children in custody proceedings there. Appellee’s amended complaint alleged that Van Horn wrote a letter to another Wisconsin attorney, in the course of custody litigation in Wisconsin, explaining that he had advised the children’s mother not to take them to attend a hearing in Florida, and making other statements which appellee alleged were defamatory. Van Horn faxed this letter to the children’s Florida guardian ad litem, who was appointed in connection with the Florida custody litigation. Appel-lee sued Van Horn, alleging a private cause of action against him for interference with custody, civil conspiracy to interfere with custody, and defamation. The sole Florida contact alleged against Van Horn in the amended complaint was the act of faxing the letter to the Florida guardian ad litem.
It is clear, from the face of the complaint, that Van Horn enjoys absolute immunity from any alleged defamation or other tor-tious act done in the course of the prior judicial proceeding. Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606 (Fla.1994); Fridovich v. Fridovich, 598 So.2d 65, 66 (Fla.1992). Compare Silver v. Levinson, 648 So.2d 240 (Fla. 4th DCA 1994) (finding absolute immunity not applicable to defendant’s actions, which did not occur in course of or as necessary preliminary act to judicial proceeding). No other act was alleged so as to bring Van Horn within the long-arm statute, section 48.193, Florida Statutes. Therefore, the trial court could not exercise personal jurisdiction over him and should have granted his motion to dismiss.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
STONE, C.J., and GUNTHER and POLEN, JJ., concur.